NOT FOR PUBLICATION

RECEIVED
JAN 19 2018
AT 8:30 _____ M
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHASTITY STAVITSKI and LUKE MILLER, *h/w*,<br><br>　　Plaintiffs,<br><br>v.<br><br>SAFEGUARD PROPERTIES MANAGEMENT, LLC; THE BANK OF NEW YORK MELLON *formerly known as THE BANK OF NEW YORK*; ASSET-BACKED CERTIFICATES SERIES 2004-10; JOHN DOES 1-10; ABC CORPS, 1-10,<br><br>　　Defendants. | Civ. No. 17-2033<br><br>**OPINION** |

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter comes before the Court on Plaintiffs' Motion to Amend/Correct their Complaint. (ECF No. 28.) Defendants Safeguard Properties Management, LLC ("Safeguard") and The Bank of New York Mellon ("BONY") (collectively, "Defendants") oppose. (ECF Nos. 29, 30, 31.) The Court has decided the motion after considering the parties' written submissions without oral argument pursuant to Local Civil Rule 78.1(b). For the following reasons, Plaintiffs' Motion is granted in part.

## BACKGROUND

Plaintiffs Chastity Stavitski and Luke Miller ("Plaintiffs"), who are married and both citizens of New Jersey, bring this action for negligence regarding a personal injury Ms. Stavitski suffered in the attic of her home at 8 Kroll Drive, Jackson, NJ, while Defendants were foreclosing on that property. (Compl. First Count ¶¶ 1–3, Fourth Count ¶ 2, ECF No. 1-2.)

1

BONY was the foreclosing bank in state court, and BONY engaged the services of Safeguard to maintain the property during the foreclosure proceedings. (*Id.* First Count ¶ 3.)

Plaintiffs allege that Defendants, or their agents, servants, or employees, failed to maintain the premises and moved Ms. Stavitski's personal property from the garage and basement to the attic in a careless, negligent, and reckless fashion. (*Id.* ¶ 4.) On April 1, 2015, while attempting to remove her personal property, Ms. Stavitski fell through the attic onto the floor below, which she alleges was a result of Defendants' negligence. (*Id.* ¶ 5.) She sustained serious and permanent injuries. (*Id.* ¶ 6.) Styled as five counts, Plaintiffs plead causes of action for negligence (First–Third Counts), loss of consortium (Fourth Count), and negligent infliction of emotional distress (Fifth Count). Plaintiffs seek all available damages—including punitive damages for willful, wanton, and reckless conduct—as well as interest and costs of suit.

Plaintiffs originally filed suit in New Jersey Superior Court, Middlesex County, in February 2017. (*See* Def.'s Notice of Removal, Ex. A, ECF No. 1.) In March 2017, Safeguard removed the case pursuant to diversity jurisdiction, and it was assigned to Judge Brian Martinotti. (*Id.*) On April 21, 2017, Plaintiffs moved to remand to state court. (ECF No. 9.) After full briefing (ECF Nos. 14, 15, 17, 19), Plaintiffs withdrew the motion to remand on August 29, 2017. (ECF Nos. 21, 22.) The case was reassigned on September 19, 2017. (ECF No. 25.) Magistrate Judge Bongiovanni issued a scheduling order, setting a deadline of February 9, 2018 for any motion to amend the pleadings and/or join new parties. (ECF No. 27.)

In discovery, Plaintiffs learned that Safeguard enlisted Bank of America ("BOA") and Innovative Tile & Stone Corporation ("Innovative") to perform reasonable inspection and preservation services at the property during the foreclosure process. (Stagliano Cert. ¶¶ 5–6, ECF No. 28-2.) Innovative hired Keith Lippai as an independent contractor to perform inspections during the foreclosure, including a March 2015 full interior inspection. (*Id.* ¶¶ 7–8.) Plaintiffs

2

believe Mr. Lippai and his company, Keith Lippai Insurance Services, LLC, were negligent in staging Plaintiffs' home before the foreclosure sale, and are directly liable for Ms. Stavitski's injuries. (*Id.* ¶ 15.) Plaintiffs seek to add Keith Lippai and his company as defendants (*id.* ¶¶ 14, 19–20)[1] and to substitute BOA as a defendant in place of BONY (*id.* ¶¶ 5, 9–10). Mr. Lippai is a citizen of New Jersey, and his company's business address is in New Jersey. (*Id.* ¶¶ 12, 15.)

On December 19, 2017, Plaintiffs filed the instant Motion to Amend/Correct Complaint. (ECF No. 28.) The Court construes Plaintiffs' submission as a motion for leave to amend to join a non-diverse party, which effectively functions like a motion to remand for lack of subject matter jurisdiction. Safeguard opposes (ECF Nos. 29, 30), as does BONY (ECF No. 31).

The Court must address a few procedural deficiencies. First, Plaintiffs failed to file a brief in support of their motion or an alternative statement that no brief is necessary, as required by the Local Civil Rules. *See* L. Civ. R. 7.1(d)(1), 7.2. Second, although Plaintiffs did include a proposed amended pleading, Plaintiffs failed to submit a version of the pleading indicating "in what respect(s) it differs from the pleading which it proposes to amend, by bracketing or striking through materials to be deleted and underlining materials to be added." L. Civ. R. 15.1(a)(2). Despite the failure to comply with these procedural requirements, in the interests of expediency, the Court nevertheless considers the Motion. In comparing the operative Complaint and proposed amended pleading, the Court finds that Plaintiffs propose the addition and substitution of parties described above, as well as a new cause of action for negligent retention, hiring,

---

[1] As Safeguard notes in opposition, "it is unclear whether plaintiffs are seeking to join Innovative Tile & Stone Corp., which is a New York citizen, as they are identified in the body of the proposed Amended Complaint but are not in the proposed caption." (Def. Safeguard's Br. at 2, ECF No. 30.) Plaintiffs' reply does not clarify this point. (*See, e.g.*, Pls.' Reply at 2, 3.) However, this lack of clarity is immaterial to the Court's legal analysis.

oversight, etc. (Proposed Am. Compl., Fourth Count ¶ 2, ECF No. 28-5.) The Court now considers the Motion.

## **LEGAL STANDARDS**

Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend the pleadings should generally be given freely. *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). The Court may deny a motion to amend where there is undue delay, bad faith, prejudice to the opposing party, or amending the pleading would be futile. *Alvin*, 227 F.3d at 121. "An amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted." *Id.* (citing *Smith v. NCAA*, 139 F.3d 180, 190 (3d Cir. 1998)); *see also Pushkin v. Nussbaum*, 2014 WL 4543069, at *3 (D.N.J. Sept. 11, 2014) ("[O]ne test for whether an amended complaint would be futile is the standard for a motion to dismiss . . . .").

I. Joinder of Non-Diverse Defendants

"[W]here a motion involves adding defendants to a case that has been removed, the Court must consider whether the motion is governed by Rule 15, Rule 20 or the removal statute," or some combination thereof. *Bernheim v. Estate of Bedrick*, 2007 WL 2900377, at *1–2 (D.N.J. Oct. 1, 2007). "Although motions to amend are liberally granted under Rules 15(a) and Rule 20, a court must scrutinize motions to amend more carefully where a plaintiff seeks to join a non-diverse party, and as a result, deprive a federal court of subject matter jurisdiction." *City of Perth Amboy v. Safeco Ins. Co. of Am.*, 539 F. Supp. 2d 742, 746 (D.N.J. 2008).

Courts in the Third Circuit apply 28 U.S.C. § 1447(e) to post-removal motions to join non-diverse defendants. *See, e.g., Perth Amboy*, 539 F. Supp. 2d at 746; *Bernheim*, 2007 WL 2900377, at *1–2. The district court may, in its discretion, permit joinder and remand the action

to state court or deny joinder and maintain federal jurisdiction. *Hayden v. Westfield Ins. Co.*, 586 F. App'x 835, 840–41 (3d Cir. 2014).

> [C]ourts in this district have adopted the *Hensgens* factors to assess such motions to amend . . . : (1) whether the purpose of the plaintiff's motion is to defeat diversity jurisdiction; (2) whether the plaintiff was dilatory in seeking to amend the complaint; (3) whether plaintiff will be prejudiced if the motion is not granted; and (4) any other equitable factors.

*Rodriguez v. Walmart*, 2017 WL 6508357, at *2 (D.N.J. Dec. 20, 2017) (citing *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)); *Perth Amboy*, 539 F. Supp. 2d at 746; *see also Hayden*, 586 F. App'x at 840–41 (noting that the Third Circuit has "not yet addressed the appropriate analytical approach to § 1447(e)," but citing *Hensgens* with approval).

A defendant who argues that a proposed non-diverse defendant has been fraudulently joined faces an onerous burden. Beyond the standard on a motion to dismiss for failure to state a claim, the defendant "must show that there is 'no reasonable basis in fact or colorable ground supporting the claim against the joint defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment.'" *Chaborek v. Allstate Fin. Servs., LLC*, 254 F. Supp. 3d 748, 751 (E.D. Pa. 2017) (quoting *Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009)). "Generally, if a proposed claim is viable, and there is a genuine intent to prosecute the claim in good faith, the primary purpose of joinder is not to defeat federal jurisdiction." *Winograd v. Mercedes-Benz USA, LLC*, 2017 WL 2926040, at *4 (D.N.J. June 14, 2017), *report and recommendation adopted*, 2017 WL 2953640 (D.N.J. July 10, 2017).

II. <u>Joinder of Claims Barred by Statute of Limitations and Relation Back</u>

"Where a claim is barred by the statute of limitations, amendment is only permitted if the proposed amended complaint 'relates back to the date of the original pleading' pursuant to Rule 15(c)." *Anderson v. Bondex Int'l, Inc.*, 552 F. App'x 153, 156 (3d Cir. 2014) (citing Fed. R. Civ.

P. 15(c)). "[A]n amendment to a pleading relates back to the date of the original pleading where 'the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading.'" *Glover v. F.D.I.C.*, 698 F.3d 139, 145 (3d Cir. 2012) (citing Fed. R. Civ. P. 15(c)(1)(B)). "[F]air notice is 'the touchstone for relation back,'" *Anderson*, 552 F. App'x at 158 (quoting *Glover*, 698 F.3d at 146), and relation back is satisfied if the two pleadings share a "common core of operative facts," *id.* at 157 (quoting *Bensel v. Allied Pilots Ass'n*, 387 F.3d 298, 310 (3d Cir. 2004)).

## ANALYSIS

### I. Leave to Amend to Join Non-Diverse Defendants

Plaintiffs seek to join Mr. Lippai and his company; this discussion focuses on Mr. Lippai for the purposes of the jurisdictional analysis. Plaintiffs argue that Mr. Lippai is a proper defendant and contend they were not able to join him as a party until discovery confirmed that he was present on the premises and responsible for inspections through March 2015, one month before Ms. Stavitski's accident. Defendants maintain that the Court should deny joinder because Plaintiffs' sole purpose in seeking to join Mr. Lippai is to destroy diversity. (Def. Safeguard's Br. at 5.) After an analysis of the *Hensgens* factors, and in light of the liberal approach to amending pleadings, the Court agrees with Plaintiffs.

Turning to the first *Hensgens* factor, it is not clear that the primary purpose of Plaintiffs' motion is to defeat diversity. Plaintiffs attest that they always intended to name whatever subcontractor or individual was responsible for maintaining the premises as a defendant, and Defendants were on notice since Plaintiffs included anonymous placeholder defendants in the case caption. (Pls.' Reply at 3, ECF No. 32.) Defendants counter that Plaintiffs' evidence is too weak to support an inference that Mr. Lippai is the responsible party; Mr. Lippai's presence on the property is the sole basis for asserting he moved Plaintiffs' belongings, but the fact that

6

Plaintiffs have failed to name all nineteen vendors who serviced the property reveals the true motivation to join only Mr. Lippai and his company: to destroy diversity. (Def. Safeguard's Br. at 5; *see also* Def. BONY's Br. at 4 ("Plaintiffs have failed to offer any evidence that [Defendants] were involved with the alleged movement or placement of plaintiffs' belongings in the attic at the Property.").) The Court finds that Plaintiffs have provided a legitimate reason for failing to name Mr. Lippai and his company until now—they were not aware of his identity until the completion of preliminary discovery. *See, e.g., Rodriguez*, 2017 WL 6508357, at *3. Plaintiffs have sufficiently alleged that Mr. Lippai was involved in the inspection of the property and he and his company were delegated responsibility to ensure the safety of the premises. Just because, as Defendants assert, Plaintiffs have failed to join all possible defendants does not undermine a genuine motivation to "assert [a] viable claim[] against a related party arising out of the same dispute." *Perth Amboy*, 539 F. Supp. 2d at 754; *see also Winograd*, 2017 WL 2926040, at *4.

The second *Hensgens* factor weighs in favor of joinder and remand, as Plaintiffs have not been dilatory in seeking to amend. Defendants do not argue that Plaintiffs have been dilatory—to the contrary, they argue that Plaintiffs' motion to amend is premature and Plaintiffs should conduct additional discovery before the Court allows them to move forward with new defendants. (*See* Def. Safeguard's Br. at 7–8 ("There is nothing to suggest that plaintiffs will be significantly injured by performing some discovery first to see if there are viable claims against them or even any evidence to suggest that they were involved with the allegedly negligent conduct. Discovery is still in its earliest stages. No depositions have taken place.").) Plaintiffs filed the instant motion on December 19, 2017. The motion was filed timely pursuant to Judge Bongiovanni's February 9th deadline, and could not have been brought until discovery revealed

7

the identities of these new defendants. Had Plaintiffs waited, an additional month of discovery between the filing date and the motions deadline would likely have had limited effect.

Third, the Court determines Plaintiffs will be prejudiced if the motion is not granted. Although Plaintiffs could theoretically bring a separate suit against Mr. Lippai and his company in state court, the cases would involve almost identical sets of facts, documents, and issues. Because he was retained as a vendor or subcontractor, discovery will be streamlined if conducted in a single forum. Additionally, given that the statute of limitations on negligence causes of action in New Jersey is two years from the date of injury (*see* Def. Safeguard's Br. at 10), Plaintiffs would be barred from bringing a new, separate suit against Mr. Lippai and his company. Moreover, it might prejudice Plaintiffs' litigation strategy to have to proceed in two forums on what is essentially the same case. *See Rodriguez*, 2017 WL 6508357, at *4; *Perth Amboy*, 539 F. Supp. 2d at 754. This factor weighs in favor of joinder and remand.

Finally, the Court considers Defendants' argument that Plaintiffs should undergo additional discovery before joining new parties under the "other equitable factors" catchall of *Hensgens* factor four. This is a traditional place in which the Court evaluates factors like judicial economy and efficiency. *See Rodriguez*, 2017 WL 6508357, at *5. As noted above, the Court is not persuaded the additional discovery would be availing here. Defendant Safeguard's arguments pertain to Plaintiffs' evidentiary burden at a later stage of litigation, not to whether Plaintiffs have sued the appropriate parties at the outset. All told, joinder and remand are appropriate.

II. Leave to Amend to Join New Claims & Relation Back

Defendant Safeguard next argues that Plaintiffs' proposed additional claim for negligent hiring, retention, or supervision is barred or futile because the statute of limitations has expired. (Def. Safeguard's Br. at 10.) Having determined that this Court lacks jurisdiction over Plaintiffs' Amended Complaint after joining new defendants, and that this action therefore must be

remanded, the Court cannot consider the remainder of Plaintiffs' motion to amend. *See, e.g.,
Chaborek*, 254 F. Supp. 3d at 751 ("I have jurisdiction only to determine whether I have
jurisdiction. I will thus look no further into the merits of the case than is necessary to make that
determination."). Additionally, the Court finds that the parties would benefit from fuller briefing
on the subject matter.

> Inasmuch as the application of the relation back doctrine was not exhaustively addressed by the parties, the Court is not inclined to [deny leave to amend] on the record before it. It is more prudent for the state court, applying its own law on a motion to dismiss, to determine the viability of Plaintiff[s'] proposed [negligent hiring, retention, or supervision] claim. Therefore, the Court finds that Plaintiff[s'] proposed claim is not so "clearly futile" . . . .

*Winograd*, 2017 WL 2926040, at *4 n.7. Because the Court lacks subject matter jurisdiction, it
denies, without prejudice, leave to amend the Complaint to add a new cause of action for
negligent hiring, retention, or supervision. Plaintiffs may pursue this further in state court.

III. <u>Futility of Leave to Amend</u>

Defendant BONY's opposition brief focuses on the futility of amendment, arguing that
Plaintiffs' proposed amended complaint fails to state a claim upon which relief can be granted.
Having determined that joinder of parties is viable and therefore that remand is appropriate, the
Court reserves this evaluation to the state court.[2] Should Defendants choose to pursue this
argument, they may do so in state court.

---

[2] Defendant BONY argues that Plaintiffs' proposed amended complaint parrots the causes of action for negligence and negligent hiring in a legally conclusory manner. BONY also argues that "[t]o the extent that Plaintiffs' Certification in Support of the Motion admits that Keith Lippai/Keith Lippai Insurance Services, LLC was an independent contractor (Doc 28, ¶ 7), New Jersey Courts have held that a general contractor is not liable for the actions of the independent contractor." (Def. BONY's Br. at 4 n.3 (citing *Mavrikidis v. Petullo*, 153 N.J. 117 (1998)). The Court leaves this question to the New Jersey court's review, pending full briefing by the parties.

## CONCLUSION

For the reasons stated herein, Plaintiffs' Motion to Amend is granted in part and denied in part. This action is remanded to New Jersey Superior Court. An appropriate order will follow.

Date: 1/19/18

ANNE E. THOMPSON, U.S.D.J.